**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

| | |
|---|---|
| **STEPHEN J. NEFF,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.   ) | **CIVIL ACTION NO. 5:04-0602** |
| ) | |
| **JO ANNE B. BARNHART,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. By Standing Order, this case was referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence, and to submit Proposed Findings of Fact and Recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the Court are Plaintiff's Motion for Summary Judgment and Defendant's Motion for Judgment on the Pleadings.

The Plaintiff, Stephen J. Neff, (hereinafter referred to as "Claimant"), filed applications for SSI and DIB on November 21, 2002 (protective filing date), alleging disability as of March 1, 2002, due to emphysema, allergies, alcoholism, chemical imbalance, and depression. (Tr. at 65-68, 202-06, 45, 50.) The claims were denied initially and upon reconsideration. (Tr. at 45-48, 50-51, 208-12, 214-15.) On June 9, 2003, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 52.) The hearing was held on February 4, 2004, before the Honorable Arthur L. Conover. (Tr. at 229-60.) By decision dated April 29, 2004, the ALJ determined that Claimant was not

entitled to benefits. (Tr. at 10-22.) The ALJ's decision became the final decision of the Commissioner on May 28, 2004, when the Appeals Council denied Claimant's request for review. (Tr. at 4-6.) Claimant filed the present action seeking judicial review of the administrative decision on June 16, 2004 pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2004). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether

the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2004). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he had not engaged in substantial gainful activity since the alleged onset date. (Tr. at 15.) Under the second inquiry, the ALJ found that Claimant suffered from the severe impairment of COPD (chronic obstructive pulmonary disease). (Tr. at 15.) At the third inquiry, the ALJ concluded that Claimant's impairment did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 15.) The ALJ then found that Claimant had a residual functional capacity for light work with additional limitations. (Tr. at 19.) The ALJ found that Claimant could do no extended walking; could only occasionally stoop, crouch, kneel, crawl, and climb ramps and stairs; could never balance or climb ladders, ropes, or scaffolds; ;should avoid concentrated exposure to extreme cold, extreme heat, humidity, and hazards involving heights and dangerous machinery; and should avoid harsh environmental irritants. (Tr. at 19.) As a result, Claimant was unable to return to his past relevant work. (Tr. at 19.) Nevertheless, the ALJ found that he could perform such jobs as cashier, security guard, and dispatcher, which existed in significant numbers in the national economy. (Tr. at 20.) On this basis, benefits were denied. (Tr. at 20-22.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying

the claim is supported by substantial evidence. In <u>Blalock v. Richardson</u>, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

<u>Blalock v. Richardson</u>, 483 F.2d 773, 776 (4th Cir. 1972) (quoting <u>Laws v. Celebrezze</u>, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." <u>Oppenheim v. Finch</u>, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals that the decision of the Commissioner is supported by substantial evidence.

<u>Claimant's Background</u>

Claimant was born on September 20, 1959, and was 43 years old at the time of the administrative hearing. (Tr. at 66.) Claimant has a high school education and completed some college courses in surveying. (Tr. at 92, 233.) In the past, he worked as a land surveyor and an automobile buyer/seller. (Tr. at 87.)

<u>The Medical Record</u>

The Court has reviewed all the evidence of record, including the medical evidence, and will discuss it below in relation to Claimant's arguments.

<u>Claimant's Challenges to the Commissioner's Decision</u>

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because: (1) the ALJ erred in assessing Claimant's pain and credibility; (2) the ALJ relied upon only part of the evidence of record; and (3) the ALJ failed to consider Claimant's impairments in combination. The Commissioner asserts that these arguments are without merit and that substantial evidence supports the ALJ's decision.

1. Pain and Credibility Assessment

Claimant first argues that the ALJ erred in assessing his pain and credibility. The Commissioner asserts that this argument is without merit.

A two-step process is used to determine whether a claimant is disabled by pain. First, objective medical evidence must show the existence of a medical impairment that reasonably could be expected to produce the pain alleged. 20 C.F.R. §§ 404.1529(b) and 416.929(b) (2004); SSR 96-7p; see also Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). If such an impairment is established, then the intensity and persistence of the pain and the extent to which it affects a claimant's ability to work must be evaluated. Craig, 76 F.3d at 595. When a claimant proves the existence of a medical condition that could cause pain, "the claimant's subjective complaints [of pain] must be considered by the Secretary, and these complaints may not be rejected merely because the severity of pain cannot be proved by objective medical evidence." Mickles v. Shalala, 29 F.3d 918, 919 (4th Cir. 1994). Objective medical evidence of pain should be gathered and considered, but the absence of such evidence is not determinative. Hyatt v. Sullivan, 899 F.2d 329, 337 (4th Cir. 1990). A claimant's symptoms, including pain, are considered to diminish his capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical and other evidence. 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4) (2004). Additionally, the regulations

provide that:

> [w]e will consider all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your treating, examining, or consulting physician or psychologist, and observations by our employees and other persons. . . . Factors relevant to your symptoms, such as pain, which we will consider include:
>
> (i) Your daily activities;
>
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms.
>
> (iii) Precipitating and aggravating factors;
>
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
>
> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
>
> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 or 20 minutes every hour, sleeping on a board, etc.); and
>
> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) (2004).

SSR 96-7p repeats the two-step regulatory provisions:

> First, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment(s)--i.e., an impairment(s) that can be shown by medically acceptable clinical and laboratory diagnostic techniques--that could reasonably be expected to produce the individual's pain or other symptoms. * * * If there is no medically determinable physical or mental impairment(s), or if there is a medically determinable physical or mental impairment(s) but the impairment(s) could not reasonably be expected to produce the individual's pain or other symptoms, the symptoms cannot be found to affect the individual's ability to do basic work activities.
>
> Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been

6

> shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. For this purpose, whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

SSR 96-7p, 1996 WL 374186 (July 2, 1996). Significantly, SSR 96-7p requires the adjudicator to engage in the credibility assessment as early as step two in the sequential analysis; i.e., the ALJ must consider the impact of the symptoms on a claimant's ability to function along with the objective medical and other evidence in determining whether the claimant's impairment is "severe" within the meaning of the regulations. A "severe" impairment is one which significantly limits the physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c).

Craig and SSR 96-7p provide that although an ALJ may look for objective medical evidence of an underlying impairment capable of causing the type of pain alleged, the ALJ is not to reject a claimant's allegations solely because there is no objective medical evidence of the pain itself. Craig, 76 F.3d at 585, 594; SSR 96-7p ("the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record"). For example, the allegations of a person who has a condition capable of causing pain may not be rejected simply because there is no evidence of "reduced joint motion, muscle spasms, deteriorating tissues [or] redness" to corroborate the extent of the pain. Id. at 595. Nevertheless, Craig does not prevent an ALJ from considering the lack of objective evidence of the pain or the lack of other corroborating evidence as factors in his decision. The only analysis which Craig prohibits is one in which the ALJ rejects allegations of pain solely because the pain itself is not supported by objective medical evidence.

In view of error it found in the ALJ's pain analysis, the Craig Court remanded, stating its reasoning as follows:

> [T]he ALJ did not expressly consider the threshold question of whether Craig had demonstrated by objective medical evidence an impairment capable of causing the degree and type of pain she alleges. Instead, the ALJ proceeded directly to considering the credibility of her subjective allegations of pain. . . . Accordingly, we remand to the ALJ to determine whether Craig has an objectively identifiable medical impairment that could reasonably cause the pain of which she complains. If the ALJ concludes that she does, then, and only then, should it undertake an assessment into the credibility of Craig's subjective claims of pain.

Craig, 76 F.3d at 596. Relying upon this language in Craig, this Court remanded in Hill v. Commissioner of Social Security, 49 F.Supp.2d 865, 869 (S.D.W.Va. 1999)(Hallanan, J.), for consideration of the threshold issue in the pain analysis over the Commissioner's contention that it would be a waste of judicial and administrative resources because Mr. Hill would still be found not disabled. Judge Hallanan stated as follows:

> For the Court to make a determination when reviewing whether the ALJ's decision is supported by substantial evidence, the Court expects those below to conduct a full and intensive review of the record. Justice and fairness demand nothing less. To say that the results would be the same upon a second, more comprehensive review and explanation of the record, and therefore should not be done at all, would be to deny the Claimant his right to a fair decision, and in addition, deny the Court of a fully developed record of review.

Hill, 49 F.Supp.2d at 870. United States Magistrate Judge Gauvey took a different course in Ketcher v. Apfel, 68 F.Supp.2d 629, 651 (D. Md. 1999), on the basis of the Fourth Circuit's decision in Mickles v. Shalala, 29 F.3d 918, 920-21 (4th Cir. 1994). Though the ALJ did not explicitly find that Mr. Ketcher's pain could result from medically determined impairments, Judge Gauvey found that "it is clear that the ALJ made this determination since he noted that the impairments were 'severe' and affected his functional capacity." Ketcher, 68 F.Supp.2d at 650-51. The Court held that "a lack of an explicit finding at the first step of the required pain analysis does not constitute reversible error

8

if the ALJ cites to substantial evidence to support his overall finding on [the claimant's] subjective complaint of pain." Id. at 651. Citing Craig and Ketcher, United States Magistrate Judge Gesner held in Perkins v. Apfel, 101 F.Supp.2d 365 (D. Md. 2000), that an ALJ's failure to make an explicit finding on the threshold question did not constitute reversible error because the ALJ provided substantial evidence to support his overall pain and credibility determination that the claimant's subjective complaints of pain were not entitled to full credibility and that she was limited to sedentary work. Id. at 373.

Chief United States Magistrate Judge Horn has also adopted this practical approach. See Goodwin v. Halter, 140 F.Supp. 2d 602, 608 (W.D.N.C. 2001); Sanders v. Apfel, 2001 WL 114360 (W.D.N.C.); Fulbright v. Apfel, 114 F.Supp.2d 465, 477-78 (W.D.N.C. 2000). For example, in Goodwin, 140 F.Supp. 2d at 608, Judge Horn stated that "[t]he record contains evidence of Plaintiff's arthritis and chronic obstructive pulmonary disease – conditions which *could* reasonably be expected to produce some of the pain claimed by Plaintiff – and thus the ALJ essentially found that Plaintiff could satisfy the first prong of the test articulated in *Craig*." More recently, in Gavigan v. Barnhart, 261 F.Supp.2d 334, 339 (D. Md. 2003), Judge Gesner, citing Craig, found remand appropriate where "plaintiff suffers from two impairments . . . and yet the ALJ's credibility determination does not contain any Step One analysis with regard to either impairment. Instead the ALJ omitted Step One entirely and limited his credibility analysis to assessing the severity of plaintiff's pain at Step Two." Judge Gesner noted that "[t]he fact that the ALJ performed a Step Two analysis would seem to suggest that he first reached a conclusion with regard to Step One. Because the ALJ found that the plaintiff has two impairments, and the ALJ's analysis does not distinguish between them, the Court is left to speculate as to the ALJ's conclusion regarding Step One. For

example, the ALJ could have determined that plaintiff's back disorder, but not her fibromyalgia, could reasonably be expected to cause her pain or vice versa. He also could have found that both impairments could cause the pain. In any event, the court believes that remand is necessary because the court cannot speculate as to the ALJ's reasoning." Gavigan, 261 F.Supp.2d at 339, fn.7.

In the instant case, the ALJ found under the second inquiry of the sequential analysis that Claimant had a severe impairment, namely COPD. (Tr. at 15.) Having determined that Claimant's severe impairment did not meet or medically equal the criteria of any impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1, the ALJ moved on to consideration of Claimant's residual functional capacity. (Tr. at 19-20.) In this context, the ALJ stated as follows:

> In making this assessment, I must consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements of 20 CFR §§ 404.1529 and 416.929, and Social Security Ruling 96-7p. The undersigned must also consider any medical opinions, which are statements from acceptable medical sources, which reflect judgments about the nature and severity of the impairments and resulting limitations (20 CFR §§ 404.1527 and 416.927 and Social Security Rulings 96-2p and 96-6p).

(Tr. at 16.) The ALJ then went on to consider the requisite factors in light of the evidence of record and Claimant's testimony. (Tr. at 16-18.) The ALJ noted Claimant's testimony that his arms and back hurt, that he could not walk, and that he had problems with his lungs and his knees. (Tr. at 16.) He noted Claimant's allegations that he was allergic to trees, grass, and smoke, although noting that Claimant continued to smoke. (Tr. at 16.) He noted Claimant's reported daily activities, which included preparing breakfast, watching television and maybe going to the store. (Tr. at 16.) Claimant also reported doing laundry, paying bills, washing dishes, running errands, driving short distances and visiting with family and friends. (Tr. at 98-101, 234.) The ALJ noted Claimant's prescribed medications, which included Albuterol, Paxil, and Seroquel. (Tr. at 16.)

After reviewing Claimant's testimony, the ALJ summarized the objective medical evidence and concluded that Claimant's "allegations concerning his symptoms and limitations are not entirely credible and have, therefore, been given only limited weight in establishing his residual functional capacity." (Tr. at 17.) The ALJ noted that Claimant's alleged "extensive limitations" were unsupported by the objective findings. (Tr. at 17.) The ALJ noted Claimant's examination with Dr. Bhirud, which revealed that Claimant had a normal gait; was comfortable in supine and sitting positions; and was able to pick up a coin from the floor. (Tr. at 17, 135.) Claimant was able to squat halfway, do heel-walking and toe-walking, and straight leg raising was negative. (Tr. at 135, 136.) Upon examination of his lungs, Claimant did have severely decreased air entry on both sides and had prolonged expiration and bilateral wheezing. (Tr. at 136.) The ALJ adopted with some variations Dr. Bhirud's RFC assessment of July 26, 2003, in which Dr. Bhirud opined that Claimant should never climb or balance, and could only occasionally kneel, crouch, and crawl, due to severe shortness of breath; and should avoid temperature extremes, dust, humidity/wetness, fumes, odors, chemicals, and gases because they would make his breathing worse. (Tr. at 18, 187-89.) Dr. Bhirud opined that Claimant had no exertional, visual/ocular, or manipulative limitations. (Tr. at 18, 187-89.)

The ALJ noted that Claimant saw Dr. Curtis at New River Health Association on October 30, 2003, where Claimant was "well today without complaints." (Tr. at 18, 193.) Claimant stated that he had not been seen at the clinic in 11 years and wanted to establish care. (Tr. at 18, 193.) Claimant's primary problem was COPD, and although he had problems with depression in the past, he was stable on medications and had no suicidal ideation. (Tr. at 193.) Claimant was advised to quit smoking. (Tr. at 193.) The ALJ also reviewed psychiatric notes from FMRS Health Systems, on

which Dr. Ahmed reported that Claimant was doing "fair" and had no side effects from medication. (Tr. at 18, 191, 197, 199.) The ALJ found that Claimant's depression did not affect his ability to work. (Tr. at 18.)

As the Commissioner points out, all three medical sources who provided an opinion about Claimant's residual functional capacity opined that Claimant could perform at least medium level work with additional limitations. (Tr. at 18, 177-84, 187-89.) Additionally, state agency physicians opined that Claimant's mental impairments were not severe. (Tr. at 18, 144-57, 163-76.)

The undersigned finds that, though the ALJ did not state specifically that Claimant demonstrated by objective medical evidence impairments capable of causing the pain he alleged, the ALJ nevertheless found a severe impairment and recognized it as a potential source of some of the symptoms Claimant alleged, thereby fulfilling the requirements of step one in his pain analysis. He then proceeded to assess Claimant's statements in view of the impairment, and considered all of the evidence of record. The ALJ therefore properly considered all of the available evidence in assessing the intensity and persistence of Claimant's pain and other symptoms noting the factors stated above and the medical evidence of record.

Claimant does not argue that the ALJ's analysis fails to comport with applicable law and Regulations; rather, he simply and briefly argues that "[t]he medical evidence collaborates the plaintiff's testimony regarding his non-exertional disabilities and clearly reflects that the plaintiff is, in fact, disabled and should be entitled to benefits." (Pl.'s Br. at 14.) In his decision, the ALJ noted the requirements of the applicable law and Regulations for assessing pain and credibility. (Tr. at 16.)

As previously noted, he sufficiently analyzed Claimant's pain and credibility under the appropriate standards in light of the evidence of record. Additionally, the ALJ did credit Claimant's limitations to some extent by limiting him to a partial range of light work, a residual functional capacity which was more restrictive than that placed by other physicians in the record. (Tr. at 18-19.) The ALJ determined that Claimant should do no extended walking, could only occasionally perform postural activities, and should avoid concentrated exposure to environmental hazards. (Tr. at 19.)

The Court finds that the ALJ properly evaluated Claimant's symptoms, including pain and credibility, and that the evaluation is in accordance with the applicable law and Regulations. The ALJ's determination that Claimant's testimony was not entirely credible is supported by substantial evidence.

2. Reliance Upon Only Part of Evidence of Record

Next, Claimant argues that the ALJ relied upon only part of the evidence of record in making his decision. Specifically, Claimant argues that the ALJ discounted evidence regarding Claimant's depression, crying spells, breaking out in hives, swelling of legs and knees, back problems, arms hurting, problems walking, back pain, and hernia. (Pl.'s Br. at 14.) The Commissioner asserts that this argument is without merit.

To be deemed disabled, a claimant must have an impairment or combination of impairments which is severe, meaning that it "significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c) (2004). Basic work activities are the abilities and aptitudes necessary to do most jobs, including: physical functions such as sitting and standing; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and

dealing with changes in a routine work setting. Id. § 416.921(b)(1)-(6).

As the Commissioner notes, the evidence of record demonstrates that none of these impairments imposed any functional limitations and were therefore not severe. (Def.'s Br. at 11.) Claimant fails to cite to evidence of record regarding these impairments and completely fails to show how they limit his ability to function and/or how they would be considered severe impairments. The ALJ did find that Claimant's COPD was a severe impairment and considered it in his decision. (Tr. at 15.) Contrary to Claimant's argument, the ALJ did consider Claimant's other allegations, but found that his testimony was not entirely credible in light of the evidence of record. (Tr. at 16-18.) The ALJ properly found Claimant's alleged limitations unsupported by the objective medical findings. (Tr. at 17.) In December 2002 and October 2003, Claimant informed Dr. Ahmed and Dr. Curtis that he did not have any medical problems or current physical complaints. (Tr. at 161, 193.) Although Dr. Curtis noted the umbilical hernia, there is no evidence that it caused functional limitations. (Tr. at 193.) As previously noted, the ALJ limited Claimant to light work with additional limitations, which was more restrictive than the RFC determinations made by other physicians in the record. (Tr. at 19.) Without further argument and evidence from the Claimant, the Court must find that the argument fails.

Claimant also alleges that the ALJ failed to consider that he had a Global Assessment of Functioning ("GAF") score of 50. (Pl.'s Br. at 16.) Contrary to Claimant's assertion, the ALJ clearly noted that Dr. Ahmed assessed a GAF score of 50 upon a December 2002 intake evaluation.[1] (Tr.

---

[1] The Global Assessment of Functioning ("GAF") Scale is used to rate overall psychological functioning on a scale of 0 to 100. A GAF of 41-50 indicates that the person has "serious symptoms . . . or any serious impairment in social, occupational, or school functioning." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV") 32 (4th ed. 1994).

at 17, 161-62.) The ALJ noted that this score indicated serious symptoms. (Tr. at 17.) The ALJ went on, however, to summarize the rest of the relevant evidence, which showed that Claimant reported improvement of his symptoms with medication. (Tr. at 18, 159-60, 191, 193, 199.) Upon reviewing all of the evidence of record, the ALJ concluded that Claimant's depression was not a severe impairment, and Claimant points to no evidence other than this one-time GAF score which would indicate that it was severe. Based upon the foregoing, the undersigned finds Claimant's argument without merit.

3.  Impairments in Combination

Claimant next asserts that the ALJ failed to consider Claimant's impairments in combination. (Pl.'s Br. at 15.) The Commissioner asserts that this argument is without merit.

The Social Security Regulations provide that:

In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.

20 C.F.R. §§ 404.1523, 416.923 (2004). Where there is a combination of impairments, the issue "is not only the existence of the problems, but also the degree of their severity, and whether, together, they impaired the claimant's ability to engage in substantial gainful activity." Oppenheim v. Finch, 495 F.2d 396, 398 (4th Cir. 1974). The ailments should not be fractionalized and considered in isolation, but considered in combination to determine the impact on the ability of the claimant to engage in substantial gainful activity. Id. The cumulative or synergistic effect that the various impairments have on claimant's ability to work must be analyzed. DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983.)

15

A review of the ALJ's decision in the instant case clearly shows that Claimant's argument is without merit. The ALJ specifically noted the requirements of the Regulations with regard to considering impairments in combination. (Tr. at 14-15.) The ALJ first determined that Claimant's COPD was a severe impairment, but was not, either singly or in combination with another impairment, severe enough to meet or medically equal a listed impairment. (Tr. at 15.) The ALJ found that Claimant's other impairments, affective disorder and ETOH dependence were "non-severe" because they caused few work-related restrictions. (Tr. at 15.) Claimant fails to point to any evidence of record or show how the ALJ "fractionalized" the impairments. The ALJ considered all of the evidence and summarized it in his decision. Upon review of the evidence of record and the ALJ's decision, the Court finds that the ALJ's consideration of Claimant's impairments is consistent with all applicable standards and Regulations, and his conclusions are supported by substantial evidence.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the District Court confirm and accept the foregoing findings, **DENY** the Plaintiff's Motion for Summary Judgment, **GRANT** the Defendant's Motion for Judgment on the Pleadings, **AFFIRM** the final decision of the Commissioner and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions

of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Chief Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to counsel of record.

Date: April 22, 2005.

R. Clarke VanDervort
United States Magistrate Judge